IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,914-01






EX PARTE BEN HENRY KINCAID, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR98-233 IN THE 4TH DISTRICT COURT


FROM RUSK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen (15) years' and one (1) day's imprisonment. The Sixth Court of
Appeals affirmed his conviction. Kincaid v. State, No. 06-99-00179-CR (Tex. App.- Texarkana,
2000 no pet.). 

 Applicant alleges inter alia that his counsel rendered ineffective assistance at the hearing on
the motion for a competency evaluation because he failed to call Billie Kincaid and Vicki Fairchild
to testify at the hearing and failed to introduce medical records into evidence. Applicant alleges that
Kincaid and Fairchild could have testified that Applicant has a long history of mental health
problems and could have testified as to Applicant's state of mind at the time of the offense. 
Applicant also alleges that counsel was ineffective for failing to investigate whether Applicant was
legally insane when he committed this offense and for failing to raise the insanity defense at the
guilt/innocence phase of trial. Applicant also alleges counsel rendered ineffective assistance because
counsel failed to timely notify Applicant that his conviction had been affirmed and failed advise him
of his right to petition for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order trial
counsel and appellate counsel to file an affidavit responding to Applicant's claims of ineffective
assistance of counsel.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to why counsel decided not to call Kincaid and
Fairfax to testify at the hearing on the motion for a competency evaluation and as to why counsel
failed to present medical records showing that Applicant has a history of mental health problems. 
The trial court shall make findings of fact as to whether Applicant was competent to stand trial and
as to whether counsel believed that Applicant was competent to stand trial. The trial court shall also
make findings of fact as to whether counsel investigated the possibility of raising the insanity defense
at the guilt/innocence phase and as to why counsel decided not to raise the insanity defense. The trial
court shall also make findings of fact as to whether counsel timely informed Applicant that his
conviction had been affirmed and that he has a right to file a petition for discretionary review, pro
se. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: April 25, 2007

Do not publish